O

# United States District Court
# Central District of California

| | |
|---|---|
| RUSSELL T. MCADAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>JNJW ENTERPRISES INC., BEAVEX INCORPORATED,<br><br>    Defendants. | Case No. 2:13-cv-08226-DSF(SHx)<br><br>**ORDER DENYING REQUEST FOR RECUSAL OF JUDGE DALE S. FISCHER [24]** |

## I.   INTRODUCTION

After Plaintiff Russell T. McAdams failed to keep the Court apprised of his mailing address, he did not receive notice of Defendants' Motion to Dismiss. United States District Judge Dale S. Fischer then granted Defendants' Motion for non-opposition and entered judgment in their favor. After Judge Fischer denied McAdam's Motion for Reconsideration, he filed this Request to Recuse her. But since McAdams has presented no evidence or other indication that any valid basis for recusal exists, the Court **DENIES** McAdams's Request. (ECF No. 24.)

## II.   FACTUAL BACKGROUND

On October 7, 2013, McAdams filed suit against Defendants JNJW Enterprises Inc. and BeavEx Inc. in Ventura County Superior Court for allegedly wrongfully withholding Plaintiff's earnings. (Not. of Removal Ex. A.) Defendants subsequently

removed the case to the United States District Court for the Central District of California. (ECF No. 1.) The matter was randomly assigned to Judge Fischer.

Defendants then moved to dismiss McAdams's Complaint, alleging that 26 U.S.C. § 6332(e) absolutely immunized them from any claim arising out of their compliance with the Internal Revenue Service's Notice of Levy. Apparently the IRS had issued the Notice of Levy to JNJW, a wholly owned subsidiary of BeavEx, because it discovered that JNJW owed McAdams $1,066.45. The IRS sought to obtain that money to partially satisfy the IRS's $133,275.75 levy against McAdams. JNJW complied with the Notice of Levy and remitted the $1,066.45 to the IRS.

After McAdams did not receive the money JNJW previously owed him, McAdams filed suit. McAdams did not oppose Defendants' Motion to Dismiss. (ECF No. 9.) It turns out that McAdams failed to keep the Court apprised of his current address as required by Local Rule 41-6, so he did not receive notice of the Motion. Judge Fischer granted Defendants' Motion to Dismiss for non-opposition and entered judgment in favor of Defendants. (ECF Nos. 10, 11.) McAdams subsequently filed a Motion for Reconsideration (ECF No. 18), which Judge Fischer also denied, finding that McAdams had not demonstrated excusable neglect. (ECF No. 23.)

### III.   LEGAL STANDARD

The standard for disqualification of a federal judge is established by 28 U.S.C. §§ 144 and 455. In giving McAdams the benefit of the doubt as a pro se movant, the Court construes his request under both statutes. Section 144 permits a party seeking disqualification to file an affidavit setting forth facts and reasons for his belief that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the affidavit's legal sufficiency, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976). Further, the alleged bias must be from an

extrajudicial source and "result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Under 28 U.S.C. § 455, a judge must disqualify herself in any proceeding in which one might reasonably question her impartiality. 28 U.S.C. § 455(a). But the substantive standard for recusal under §§ 144 and 455 is the same: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

## IV.  DISCUSSION

McAdams does not specifically address why he believes that the Court should recuse Judge Fischer under either §§ 144 or 455. But in any event, the Court finds that neither section compels Judge Fischer's recusal. The Court therefore denies McAdam's Motion.

### A.   28 U.S.C. § 144

Section 144 requires the movant to file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." § 144. McAdams has filed no such affidavit, thereby rendering his Motion procedurally defective. That failure is alone enough to deny his recusal Motion.

But even if McAdams had properly filed an affidavit, he has not demonstrated that Judge Fischer exhibited any "personal bias or prejudice either against him or in favor any adverse party." *See* § 144. Rather, McAdams only alleges that Judge Fischer did not read the papers at issue or the Internal Revenue Code—the operative law governing Defendants' immunity and the IRS's levy.

McAdams's allegations are belied by Judge Fischer's Orders. McAdams failed to keep the Court apprised of his current address, thereby rendering it impossible for him to receive notice of Defendants' Motion to Dismiss. Local Rule 41-6 fully authorized Judge Fischer to "dismiss the action with or without prejudice for want of

prosecution." She therefore acted within her authority—and not as a result of any personal bias or prejudice—when she granted Defendants' Motion and entered judgment in their favor. No reasonable person knowing of the Local Rules and this case's particular circumstances would reasonably question Judge Fischer's impartiality. Instead, her Orders make clear that she followed the law that McAdams alleges she ignored.

**B.	28 U.S.C. § 455**

Section 455 governs mandatory self-recusal. It largely overlaps with § 144. McAdams likewise has not presented any evidence that Judge Fischer failed to recuse herself based on any of the factors enumerated in § 455. There is no indication that Judge Fischer has any bias or prejudice concerning any party to this action, she previously practiced as a lawyer in the matter, or has any financial interest in the outcome of McAdams's case. § 455(a), (b).

As discussed above, no reasonable person could reasonably question Judge Fischer's impartiality considering this case's particular circumstances and the absolute immunity Defendants have under 26 U.S.C. § 6332(e). Rather, her Orders reflect her application of the applicable law to the facts and procedural issues of McAdams's case.

## V.	CONCLUSION

For the reasons discussed above, the Court **DENIES** McAdams's Motion to Recuse Judge Fischer. (ECF No. 24.)

**IT IS SO ORDERED.**


March 12, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**