O

# United States District Court
# Central District of California

| | |
|---|---|
| RUSSELL T. MCADAMS, <br><br> Plaintiff, <br><br> v. <br><br> JNJW ENTERPRISES INC., BEAVEX INCORPORATED, <br><br> Defendants. | Case No. 2:13-cv-08226-DSF(SHx) <br><br> **ORDER DENYING MOTION IN OPPOSITION TO DECISION BY OTIS D. WRIGHT, II, UNDER FRCP 60(b) [27]** |

On March 25, 2014, Plaintiff Russel T. McAdams filed a "Motion in Opposition to Decision by Otis D. Wright, II, under FRCP 60(b)." (ECF No. 27.) It appears that McAdams has filed an ostensible reconsideration motion of this Court's March 12, 2014 Order Denying Plaintiff's Request for Recusal of Judge Dale S. Fischer. (*See* ECF No. 26.) But after thoroughly reviewing McAdam's Motion, the Court finds that he has not presented a valid basis for reconsidering the Court's previous Order denying McAdams's recusal motion. The Court therefore **DENIES** this Motion. (ECF No. 27.)

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party of an order for, among other reasons, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under Ninth Circuit case law, a party may only seek relief under this catchall provision when the party demonstrates "extraordinary circumstances" warranting the court's favorable exercise of discretion. *Cmty. Dental*

1  *Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).  To satisfy its burden under this
2  lofty standard, a party must prove both (1) an injury and (2) circumstances beyond its
3  control.  *Id.*

4        The Local Rules further elucidate the proper bases for which a party may seek
5  reconsideration:

6      (a) a material difference in fact or law from that presented to the Court
7      before such decision that in the exercise of reasonable diligence could not
8      have been known to the party moving for reconsideration at the time of
9      such decision, or (b) the emergence of new material facts or a change of
10     law occurring after the time of such decision, or (c) a manifest showing
11     of a failure to consider material facts presented to the Court before such
12     decision.

13 L.R. 7-18.  Additionally, "[n]o motion for reconsideration shall in any manner repeat
14 any oral or written argument made in support of or in opposition to the
15 original motion."  *Id.*

16       McAdams "opposes" several portion of this Court's previous Order.  He
17 disagrees with the Court's characterization that he failed to provide an affidavit setting
18 forth "the facts and the reasons for the belief that bias or prejudice exists" to recuse
19 Judge Fischer as required by 28 U.S.C. § 144.  (Mot. 1–2.)  He contends that the
20 evidence he produced before Judge Fischer somehow fulfills this requirement.

21       But McAdams blurs the line between the merits of his recusal motion and those
22 of his substantive claims undergirding his lawsuit.  McAdams did not comply with 28
23 U.S.C. § 144, because he did not provide a required affidavit.  Any evidence he
24 produced before Judge Fischer related to his claims against Defendant JNJW
25 Enterprises Inc.—not Judge Fischer's alleged bias or prejudice.  McAdams therefore
26 has not satisfied a valid basis for reconsidering his failure to comply with § 144.

27       McAdams also disputes the fact that he failed to keep the Court apprised of his
28 current address as required by Local Rule 41-6.  He argues that the Court based this

finding solely on the statements of Defendant's attorney. But that is not the case. There are four entries on the docket in this action from the Clerk of Court noting that mail sent to McAdams was returned as undeliverable as addressed. (ECF Nos. 12, 13, 15, 16.) McAdams only updated his address on December 20, 2013—over two weeks after Judge Fischer exercised her authority under Local Rule 41-6 to grant Defendant's dismissal motion with prejudice. Again, McAdams failed to identify a proper basis for reconsideration under this argument.

McAdams spends a large portion of the remainder of his Motion arguing that Judge Fischer misapplied the law with respect to the lien placed on Plaintiff's earnings. These arguments misapprehend the nature of a recusal motion. Recusal deals with whether the presiding judge has any bias or prejudice that will preclude her from issuing an impartial decision. Recusal does not depend on the merits of a plaintiff's claims. It is therefore inappropriate for McAdams to turn this reconsideration motion into a mini-appeal of Judge Fischer's Order.

Lastly, McAdams asserts that this Court denied him a chance to be heard regarding his recusal motion. But McAdams was heard when he submitted his brief in support of his motion. As the Ninth Circuit has noted, "It is well-settled that there is no constitutional due process right to oral argument." *Sovereign Gen. Ins. Servs., Inc. v. Nat'l Cas. Co.*, 359 F. App'x 705, 708 (9th Cir. 2009).

The Court consequently finds that McAdams has not set forth a valid basis for reconsidering its previous Order Denying Plaintiff's Request for Recusal of Judge Dale S. Fischer. The Court thus **DENIES** McAdams's Motion. (ECF No. 27.)

**IT IS SO ORDERED.**

March 27, 2014

_____
      **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**